```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

JERRY D. BROOKS,

    Plaintiff,

v.                              Case No. 8:14-cv-1364-T-33TBM

ALRO STEEL CORPORATION,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court in consideration of the parties' Joint Motion to Approve FLSA Settlement and Motion to Dismiss Plaintiff's Claims in Counts II and III with Prejudice (Doc. # 30), filed on February 3, 2015. For the reasons that follow, the Court grants the Motion.

**I.   Background**

Plaintiff Jerry D. Brooks initiated this action on June 9, 2014, against Defendant Alro Steel Corporation. (See Doc. # 1). Thereafter, on December 9, 2014, Brooks filed an Amended Complaint setting forth the following Counts: (I) violation of ERISA, (II) Recovery of Unpaid Wages, (III) Fair Labor Standards Act ("FLSA") (Overtime and Compensation), and (IV) ADA Discrimination and Retaliation. (Doc. # 25).

Specifically, as it relates to Counts II and III, Brooks contends that:

> In many work weeks during the relevant period, Plaintiff worked in excess of forty (40) hours per week for Defendant. In those work weeks, Plaintiff was not paid overtime compensation by Defendant. . . . .

(Id. at 4-5).

Defendant filed its Answer to Brooks' Amended Complaint on December 22, 2014. (Doc. # 26). Subsequently, the parties mediated this action on February 2, 2015, which resulted in the parties reaching a settlement of all claims. (Doc. ## 27, 29). Thereafter, on February 3, 2015, the parties filed the present Motion requesting approval of the FLSA settlement agreement reached and dismissal of Counts II and III with prejudice.[1] (Doc. # 30).

## II. Analysis

In Counts II and III, Brooks alleges that Defendant violated the terms of the FLSA. (Doc. # 25). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679

---

[1] According to the parties' Report on Status of Mediation, "the parties anticipate filing a stipulation and joint motion for dismissal of the remaining claims [Counts I and IV] . . . . at the appropriate time." (See Doc. # 29).

F.2d 1350, 1353 (11th Cir. 1982).

The parties have reached a settlement wherein it is agreed that Brooks will receive $3,600, of which $1,800 represents "Plaintiff's alleged wage claims," and $1,800 for liquidated damages. (See Doc. # 30-1). Brooks' counsel will receive $2,500 for attorneys' fees and costs. (See Id.). The parties stipulate that "the amount represents relief in an amount a reasonable jury would award in this matter." (Doc. # 30 at 2). Further, the parties' submit that "payment of Plaintiff's counsel's fees and litigation costs was negotiated separately and apart from the amount payable to Plaintiff so as not to compromise Plaintiff's recovery." (Id.).

Upon adequate review and consideration, the Court approves the settlement reached by the parties in an effort to amicably resolve this case.[2] The settlement is fair on its

---

[2] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery

3

face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The parties' Joint Motion to Approve FLSA Settlement and Motion to Dismiss Plaintiff's Claims in Counts II and III with Prejudice (Doc. # 30) is **GRANTED**.

(2) The parties' settlement is approved.

(3) Counts II and III are dismissed with prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of February, 2015.

                                    /s/ Virginia M. Hernandez Covington
                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).